[No. C.D. 6258.   En Banc.   February 10, 1983.]

*In the Matter of the Disciplinary Proceeding
Against* A. GRAHAM GREENLEE, *an
Attorney at Law.*

*Robert T. Farrell,* for Bar Association.
*A. Graham Greenlee,* pro se.

STAFFORD, J.—The Washington State Bar Association charged attorney A. Graham Greenlee with violation of the Code of Professional Responsibility Disciplinary Rule 2-110(B)(4) (refusal to withdraw from employment when discharged by client) and Discipline Rule for Attorneys 1.1(d) (willfully appearing as an attorney for a party in an action or proceeding without authority). Following the taking of testimony the Hearing Officer entered findings of fact, conclusions of law and alternative recommendations of discipline containing conditions, compliance with which would result in a reprimand.

The Disciplinary Board adopted the findings of fact and conclusions of law. Further, the Board found Mr. Greenlee had substantially complied with the conditions imposed by the Hearing Officer and adopted the recommendation of reprimand. Mr. Greenlee refused to accept the reprimand and the matter was filed with this court for review.

Mr. Greenlee challenges the findings of fact, the conclusions of law and the recommended discipline. We have reviewed the report of proceedings and the findings of fact and conclude that, although the evidence is partially conflicting, the findings of fact are indeed supported by the record. We will not ordinarily disturb the factual findings of the Disciplinary Board made upon conflicting testimony. *In re Little,* 40 Wn.2d 421, 427, 244 P.2d 255 (1952); *see In re Witt,* 96 Wn.2d 56, 633 P.2d 880 (1981). Further, the conclusions of law are supported by the findings of fact prepared by the Hearing Officer and adopted by the Board.

Generally speaking, the purpose of attorney discipline is to protect the public from future misconduct of attorneys, and to preserve public confidence in the legal system. *In re Zderic,* 92 Wn.2d 777, 600 P.2d 1297 (1979). In this regard several considerations have been deemed important: (1) the seriousness and circumstances of the offense; (2) the avoidance of repetition; (3) the deterrent effect upon other attorneys; (4) assurance that those who seek legal services will be insulated from unprofessional conduct; and finally, (5) the maintaining of respect for the

legal profession. *In re Zderic*, at 787.

Without detracting from the importance of the foregoing considerations we must, in imposing the ultimate discipline, make a disposition that is appropriate to the facts and circumstances of the individual case. Discipline should not be imposed in a vacuum.

We do not condone Mr. Greenlee's unauthorized representation of a former client or his refusal to withdraw from that attorney–client relationship after his discharge. These are, without question, violations of the disciplinary rules. Nevertheless, in considering the ultimate discipline we cannot ignore other portions of the factual surroundings.

The circumstances surrounding the formation of the attorney–client relationship, as well as its termination, are confused at best. Further, the expectations of all parties concerned appear to have been in a state of confusion, no small part of which was contributed to by the client. Even the mutual animosity, that is clearly evidenced in the record, had its impact on the confused state of affairs.

While we must agree Mr. Greenlee acted beyond the bounds of the disciplinary rules, the discipline should be tempered to the individual facts surrounding those acts. Consequently, while we affirm the Disciplinary Board in all other respects, we reduce the recommended discipline from a Reprimand to Censure. The bar association costs of $655.03 are allowed.

WILLIAMS, C.J., and ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.